IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01722-BNB

MARC A. CINOCCO,

    Applicant,

v.

RICHARD SMELSER, Warden, Crowley County Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -6 2011

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant, Marc A. Cinocco, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Cinocco initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 00-cr-364 and Case No. 01-cr-2069 in the District Court for the City and County of Denver in the State of Colorado. He has been granted leave to proceed *in forma pauperis*.

In an order entered on August 10, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on August 31, 2010. On September 2, 2010, Magistrate Judge Boland directed Respondents to file a supplement to the Pre-Answer Response, and submit

the state court registers of action for Mr. Cinocco's state court criminal cases. Respondents filed a Supplement to the Pre-Answer Response on September 2, 2010. After receiving multiple extensions of time, Mr. Cinocco filed a reply on November 12, 2010.

The Court must construe liberally the Application filed by Mr. Cinocco because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On July 23, 2001, Mr. Cinocco pled guilty two counts of sexual assault on a child, one count in each of the two pending cases. *See* Pre-Answer Supp. at Ex. A, p. 13 (State Register of Actions). On November 14, 2001, the trial court sentenced him to sixteen years in the DOC on each count, to run concurrently, plus a term of mandatory parole. *Id.* at 12. Mr. Cinocco did not file a direct appeal.

On March 14, 2002, Mr. Cinocco filed a motion for post-conviction relief, asserting that his sentence was unconstitutional. The trial court denied the motion by order dated July 25, 2002. *Id.* Mr. Cinocco filed a notice of appeal on September 11, 2002. *Id.* Mr. Cinocco then apparently moved to dismiss his appeal, because on May 8, 2003, the Colorado Court of Appeals entered an order granting his motion to voluntarily dismiss his appeal. *Id.*

On November 15, 2004, Mr. Cinocco filed a motion for post-conviction relief pursuant to Rule 35(c). *Id.* On January 3, 2005, the trial court entered an order denying the motion. *Id.* On February 14, 2005, the trial court entered an order correcting the mittimus to reflect that Mr. Cinocco was subject to discretionary parole rather than mandatory parole. *Id.* at 10. Mr. Cinocco filed a notice of appeal on March 29, 2005. *Id.* On February 15, 2007, the Colorado Court of Appeals affirmed the order denying the post-conviction motion, but remanding the case with directions for the trial court to make specific findings of fact regarding Mr. Cinocco's classification as a sexually violent predator. Pre-Answer Resp. at Ex. D, p. 19-20. Mr. Cinocco filed a petition for rehearing, which the Colorado Court of Appeals denied on May 3, 2007. *Id.* at Ex. F. Mr. Cinocco then filed a petition for writ of certiorari, which the Colorado Supreme Court denied on July 16, 2007. *Id.* at Ex. H. The mandate issued on July 19, 2007. *Id.* at Ex. I. On November 5, 2007, the trial court found that Mr. Cinocco was not a sexually violent predator, and issued an amended mittimus. Pre-Answer Supp. at Ex. A, p. 8.

Mr. Cinocco also filed a motion for reconsideration pursuant to Rule 35(b) on September 28, 2007. *Id.* at 9. The trial court issued an order denying the motion as successive on December 6, 2007. *Id.* at 8. Mr. Cinocco filed a notice of appeal, and the Colorado Court of Appeals affirmed the trial court on March 19, 2009. Pre-Answer Resp. at Ex. L. Mr. Cinocco filed a petition for rehearing on April 1, 2009, which the Colorado Court of Appeals denied on May 14, 2008. *Id.* at Ex. M; Ex. N. The Colorado

Supreme Court then dismissed Mr. Cinocco's appeal on August 20, 2009, for failure to file a timely petition for writ of certiorari. *Id.* at Ex. O.

Mr. Cinocco then filed the instant action, which was received by the Court on July 13, 2010. In the Application, Mr. Cinocco asserts five claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

>to the pertinent judgment or claim is pending shall not be
>counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Cinocco's criminal case became final. The final sentence in Mr. Cinocco's case entered on November 14, 2001. Pre-Answer Supp. at Ex. A, p. 12. Because Mr. Cinocco did not file a direct appeal, the Court therefore finds that his conviction became final on December 31, 2001,[1] forty-five days after he was sentenced. *See* Colo. App. R. 4(b); ***Locke v. Saffle***, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on January 2, 2002, the next business day after the conclusion of the time to appeal. *See, e.g.,* ***Locke***, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Cinocco's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). The requirements include:

>(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing

---

[1] The forty-fifth day after November 14, 2001, was December 29, 2001. However, December 29, 2001, was a Saturday. Therefore, the filing deadline extended until December 31, 2001. *See* C.A.R. 26(a).

preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Cinocco's state court action between January 2, 2002, and March 13, 2002. *See* Pre-Answer Supp. at Ex. A, p. 12. Accordingly, these **71** days are counted against the one-year statute of limitations.

Mr. Cinocco filed a motion for post-conviction relief on March 14, 2002. *Id.* The trial court denied the motion on July 25, 2002, and the appeal on this motion concluded on May 8, 2003, when the Colorado Court of Appeals granted Mr. Cinocco's motion to voluntarily dismiss his appeal. *Id.* at 11. There were no pending motions in Mr. Cinocco's state court action between May 9, 2003 and November 14, 2004. *Id.* Accordingly, the statute of limitations began to run again on May 9, 2003, and ran for another 294 days, until it expired on February 27, 2004 (**71 days + 294 days = 365 days**). Because the one-year limitation period expired before Mr. Cinocco filed his next

post-conviction motion on November 15, 2004, that motion, and any subsequent motions, could not have tolled the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Cinocco did not file his habeas corpus application in this Court until July 13, 2010, more than six years and four months after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. **See id**. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. **See Miller**, 141 F.3d at 978. Finally, Mr. Cinocco bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.** at 977.

In his reply, Mr. Cinocco first argues that, pursuant to § 2244(d)(1)(C), the one-year limitation period did not begin to run until 2004 when **Blakely v. Washington**, 542 U.S. 296 (2004) was decided. Under 28 U.S.C. § 2244(d)(1)(C), the commencement of

the limitations period can be delayed until the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). As previously stated, Mr. Cinocco's conviction became final on December 30, 2001. Mr. Cinocco's conviction occurred prior to *Blakely,* which was decided on June 24, 2004. Even assuming *arguendo* that *Blakely* announced a new rule of constitutional law, such a rule must have been made "retroactively applicable to cases on collateral review . . ." in order for the one-year limitations period under AEDPA to apply. *See* 28 U.S.C. § 2244(d)(1)(C). However, the Tenth Circuit Court of Appeals has refused to apply *Blakely* retroactively to cases on collateral review. *See, e.g., United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding that *Blakely* does not apply retroactively to convictions that were already final at the time *Blakely* issued). Accordingly, Mr. Cinocco cannot obtain tolling of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C).

Mr. Cinocco also argues in his reply that, pursuant to § 2244(d)(1)(B), the one-year limitation period did not begin to run in 2001 when his conviction became final because his attorney was ineffective and counsel's ineffective assistance was a state-created impediment that prevented him from filing the instant action. However, ineffective assistance of counsel, assuming counsel was ineffective, can not constitute a state-created impediment pursuant to § 2244(d)(1)(B) because defense attorneys are not state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In addition, Mr. Cinocco fails to demonstrate that the actions of his attorney actually prevented him

from filing the instant action. *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (noting that whatever constitutes an impediment under § 2244(d)(1)(B) must prevent an applicant from filing a federal habeas corpus application). Therefore, Mr. Cinocco cannot obtain tolling of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B).

Mr. Cinocco fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Cinocco has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

*[signature]*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01722-BNB

Marc A. Cinocco
Prisoner No. 68916
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Matthew S. Holman
First Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __1/6/11__

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk